*E-FILED on 7/22/08 *

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID LUTHER GHENT,<br><br>    Petitioner,<br><br>    v.<br><br>JEANNE WOODFORD, Warden,<br>California State Prison at San Quentin,<br><br>    Respondent. | No. C-90-2763 RMW<br><br>ORDER ON PETITIONER'S REQUEST TO SEAL ADDITIONAL DOCUMENTS<br><br>**[Re Docket Nos. 342, 343 and 345]** |

    Petitioner David Luther Ghent requests that certain documents be sealed in addition to those ordered sealed by the court's order dated March 4, 2005. The basic issue is whether the additional documents petitioner seeks to seal are covered by the court's Modified Protective Order entered on April 2, 2003 ("Modified PO"). The court has considered the supplemental briefing filed by petitioner and respondent on March 15, 2005 and on March 22, 2005 respectively and other relevant materials in the file. The court concludes that based upon the showing made to date no additional documents are subject to sealing except a few documents that respondent acknowledges should be sealed or does not object to being sealed.

    The Modified PO reads in relevant part:

> IT IS HEREBY ORDERED that documents and information protected by the attorney-client privilege or the attorney work product doctrine revealed by petitioner in this habeas corpus proceeding are "Protected Information" and cannot be used for

1
2
3
4

    any purpose other than the litigation of petitioner's writ application. The revelation or use of the Protected Information in the writ proceedings will not be considered a waiver of the attorney-client privilege or work product protection outside of the writ proceedings. However, Protected Information does not include such documents or information if they were obtained by means independent of the writ proceedings or their protection was waived by some conduct other than their revelation in the writ proceedings.

5 The Order was based upon the principle set forth in *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir.

6 2003), namely that the scope of a habeas petitioner's waiver of privileged communications or

7 documents extends only to the litigation of the habeas petition and not for other purposes such as the

8 retrial of petitioner. *Id.* at 718-727.

9     However, it is important to remember that the relevant waiver of the attorney client-privilege

10 or work product protection covered by the Modified PO is that of the trial counsel not that of

11 petitioner's habeas attorney.  A petitioner should not be required to give up his otherwise protected

12 communications or information for all purposes as a requisite to pursuing a claim that he was denied

13 effective assistance of counsel or some other constitutional right. *See id.* at 723-724.  On the other

14 hand, a habeas petitioner should not be allowed to claim in a habeas proceeding that certain

15 information should have been presented in his trial and then, if his habeas petition is successful,

16 adopt a different position in his retrial.

17     In light of the terms of the Modified PO and the rationale of *Bittaker* on which the Order was

18 based, the following documents used in the habeas proceedings are hereby ordered sealed in addition

19 to those listed in the court's order dated March 5, 2005:

20     From Exhibit III of evidentiary hearing — one page of handwritten notes

21     Exhibit NN — Declaration of Terry Green dated November 7, 1996

22     From Exhibit WWWWW — work log from files of trial counsel Terry Green

23     The remaining disputed documents do not appear to contain material that constitutes

24 confidential information communicated between petitioner and his trial counsel or trial counsel's

25 work product (i.e., protected information under the Modified PO).  Therefore, absent a further,

26 particularized showing by petitioner as described below, the only documents sealed pursuant to the

27 Modified Protective Order are Terry Green's testimony, Thomas Davis's testimony, Ghent's

28

ORDER ON PETITIONER'S REQUEST TO SEAL ADDITIONAL DOCUMENTS
C-90-2763 RMW

deposition, evidentiary hearing exhibits 14, 15, 16, 17, 29, 53, 56, 58, 61, 63, 110, 134, 135, 136, 152, 153, A, D, J, K, L, BB, NN, EEEE, KKKKK, LLLLL, OOOOO and the work log of Terry Green in WWWWW.

The court acknowledges that it has some discomfort with this order for two reasons.  First, it is not certain from the parties' supplemental briefing that it has considered all the documents the parties contend are at issue.  Second, it fails to understand what information that petitioner claims is protected by the Modified PO would be relevant in a retrial of petitioner.  Respondent's letter to the court dated June 28, 2008 suggests that the District Attorney is waiting for a resolution of this pending motion before proceeding with a retrial because the status of the documents that are subject to this motion are relevant to the retrial.  Because the court does not understand why any document arguably within the scope of the Modified PO (i.e., documents revealing privileged communications between petitioner and his criminal trial defense attorneys or petitioner's deposition) would significantly impact preparation for any retrial, the court is concerned that it may be overlooking some issue of importance.[1]  In view of these concerns, if petitioner believes that this order as it now stands will result in specific privileged material being provided to the prosecution in violation of the Modified PO as interpreted by this order, petitioner may file within 15 days of this order a motion specifying additional material to be sealed.  The motion may be filed under seal with notice to respondent.  It must identify the specific information that is privileged, why it is privileged and whether it is protected by the attorney-client privilege that existed between petitioner and trial counsel or is trial counsel's work product.  If petitioner makes such an application, respondent may file a response within 10 days of the filing of the application.  The court will then issue a ruling based upon the papers submitted unless it orders a hearing.

Any information not sealed by this order and not the subject of a further application by petitioner may be disclosed to the prosecution after the expiration of 15 days following the date of this order.

---

[1] Documents reflecting the testimony of experts retained by petitioner to testify in the habeas proceedings would not be subject to the Modified PO except, for example, that portion revealing privileged material in support of a showing of ineffective assistance of counsel.

1  Nothing in this order precludes a later application by respondent to unseal a particular document, or portion thereof, if petitioner offers, or intends to offer, testimony at his retrial that is inconsistent with statements that are sealed pursuant to the Modified PO.[2]  However, without a showing by respondent of a specific inconsistency, the court cannot evaluate whether any alleged inconsistent testimony would justify the lifting of the Modified PO as to such otherwise protected information.

DATED:  7/21/08

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

---

[2]  The court recognizes that the respondent may have to make an application to lift the sealing order during petitioner's retrial if that is when it first learns that petitioner is offering inconsistent evidence. If the application is granted, then the information could be made available to the prosecution.

ORDER ON PETITIONER'S REQUEST TO SEAL ADDITIONAL DOCUMENTS
C-90-2763 RMW

4

**Notice of this document has been sent to:**

**Counsel for Plaintiff:**

Douglas R. Young
Farella Braun & Martel LLP
235 Montgomery Street
30th Floor
San Francisco, CA 94104

**Counsel for Defendant:**

Joan Killeen
California State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102

Counsel are responsible for distributing copies of this document to any co-counsel that are not listed above.

**Dated:**   7/22/08                           /s/ JG
                                               **Chambers of Judge Whyte**

ORDER ON PETITIONER'S REQUEST TO SEAL ADDITIONAL DOCUMENTS
C-90-2763 RMW