1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*E-FILED - 3/20/09*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| David Luther GHENT,<br><br>                         Petitioner,<br><br>           v.<br><br>Robert K. WONG, Acting Warden of San Quentin State Prison[1],<br><br>                         Respondent. | Case Number 5-90-cv-2763-RMW<br><br>DEATH-PENALTY CASE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO SEAL PORTIONS OF THE RECORD<br><br>[Doc. No. 351] |

In the above-captioned capital habeas action, the Court issued a Protective Order, (Doc. No. 289), and a subsequent Order Modifying Protective Order ("Modified PO"), (Doc. No. 326), which was upheld by the Court of Appeals as a valid exercise of discretion, (Doc. No. 340).  The Modified PO reads in part:

> [D]ocuments and information protected by the attorney-client privilege or the attorney work product doctrine revealed by petitioner in this habeas corpus proceeding are "Protected Information" and cannot be used for any purpose other than the litigation of petitioner's writ application.  The revelation or use of the Protected Information in the writ proceedings will not be considered a waiver of the attorney-client privilege or work product protection outside of the writ proceedings.  However,

_____

[1]Robert K. Wong is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

1

2

3

Protected Information does not include such documents or information if they were obtained by means independent of the writ proceedings or their protection was waived by some conduct other than their revelation in the writ proceedings.  [¶]  Protected Information also includes the deposition of Petitioner Ghent.

4      Pursuant to that order, the Court issued two further orders, which addressed Petitioner's

5   request to seal portions of the record, (Doc. Nos. 342 & 347).  In the second of these two orders,

6   the Court noted that "it is important to remember that the relevant waiver of the attorney[-]

7   client[ ]privilege or work product protection covered by the Modified PO is that of the trial

8   counsel not that of petitioner's habeas attorney."  The Court ordered certain documents sealed

9   and found that "[t]he remaining disputed documents do not appear to contain material that

10  constitutes confidential information communicated between petitioner and his trial counsel or

11  trial counsel's work product (i.e., protected information under the Modified PO)."

12      The Court acknowledged that it "had some discomfort with this order," and it offered

13  Petitioner the opportunity to submit a new motion to seal "if petitioner believes that this order as

14  it now stands will result in specific privileged material being provided to the prosecution in

15  violation of the Modified PO as interpreted by this order."  The Court specifically instructed that

16  the briefing in support of any such motion "must identify the specific information that is

17  privileged, why it is privileged and whether it is protected by the attorney-client privilege that

18  existed between petitioner and trial counsel or is trial counsel's work product."  Implicit in these

19  directions is that the Court was not offering Petitioner an opportunity to reargue the terms of the

20  Modified PO and subsequent orders in an effort to broaden Protected Information beyond

21  "material that constitutes confidential information communicated between petitioner and his trial

22  counsel or trial counsel's work product."

23      Now before the Court is that motion, Petitioner's Motion to Seal Portions of the Record.

24  (Doc. No. 351.)  The Court has reviewed carefully the parties' briefs and the documents that

25  Petitioner contends should be sealed, as well as the rest of the record on file in this action.

26  Pursuant to the Modified PO and the Court's subsequent orders sealing documents, the Court

27  finds and concludes that the following documents constitute Protected Information; insofar as it

28  pertains to the following documents, Petitioner's Motion is granted, and these documents are

2

1   hereby ordered sealed.

2       •   Exhibit T from the evidentiary proffer (a declaration of trial counsel's

3           investigator, Tom Davis, dated February 9, 1993, that discloses privileged

4           communications and protected work product)

5       •   Exhibit OO from the evidentiary proffer/Exhibit 2 from Respondent's motion in

6           limine/Exhibit 1 from the evidentiary hearing (a declaration of trial counsel, Terry

7           Green, dated May 5, 1988, that discloses work product)

8       •   Exhibit 7 from Respondent's motion in limine, 146:20–149:20 (part of a

9           deposition of habeas expert witness Charles Marmar, dated July 13, 1998, that

10          discloses Petitioner's deposition)

11       •   Exhibit 10 from Respondent's motion in limine (notes written by Petitioner to

12          trial counsel that constitute privileged communications)

13       •   Exhibits 128 and 130 and the last page of Exhibit DDDD from the evidentiary

14          hearing and Evidentiary Hearing Transcript ("EHT") Vol. 7, 1485:13–1487:14

15          (notes written by trial expert witness Stephen Raffle and accompanying testimony

16          that constitute and disclose protected work product, as Respondent acknowledges)

17       •   The portion of Exhibit EE from the evidentiary hearing that is a memorandum by

18          Davis dated August 25, 1978 (constitutes protected work product)

19       •   The portion of Exhibit JJJ from the evidentiary hearing that is a memorandum by

20          Davis dated July 20, 1978 (constitutes protected work product)

21       •   Transcript of the hearing on Respondent's application regarding Petitioner's

22          deposition, dated August 11, 1998, 2:19–25; 3:20–4:14; 12:13–20; 17:10–25;

23          19:24–20:21; 22:2–12; 22:20–23:1; 23:7–15 (discloses Petitioner's deposition)

24       •   EHT Vol. 6, 1401:2–24; 1402:15–1403:12; Vol. 9, 1810:9–19; 1816:18–21;

25          1818:7–12; Vol. 10, 1925:11–1927-16; 1934:2–13; 1935:6–25; 1938:13–1939:11;

26          1944:5–9; 1952:10–13; 1958:9–1960:5; 1970:21–1971:2; 1974:19–22;

27          1977:4–22; 1978:1–22; 2029:8–2030:1; 2032:24–2033:2; 2054:1–24;

28          2055:11–15; 2056:6–9; 2056:10–15; 2057:10–13; 2076:17–19; 2076:22–2078:23;

2083:11–2084:12; 2085:24–2086:4; 2109:24; 2110:21; 2111:7–2112:4; 2123:2–11; 2124:4–8; 2131:25–2131:3; 2143:23–2144:2 (testimony that discloses protected work product)

- EHT Vol. 2, 278:15–279:7; 280:7–288:25; 289:25–290:8; 407:4–408:4; Vol. 4, 860:16–874:5; 874:20–876:23; Vol. 6, 1365:4–1365:13; Vol. 7, 1535:3–5; 1535:14–16; Vol. 9, 1848:28–1849:5; Vol. 12, 2309:16–2310:24; 2311:16–21; 2312:1–2312:11; 2347:1–14; 2547:19–2548:3; 2557:23–2560:3 (testimony that discloses Petitioner's deposition)

- EHT Vol. 13, 2603:13–2609:21; 2619:23–2620:8; 2629:1–17; 2631:12–13; 2632:2–2633:10; 2635:11–16; 2638:7–15; 2644:23–2645:8; 2645:21–2646:18; 2648:15–20; 2649:20–21; 2682:18–2684:19; 2685:11–2685:23; 2686:17–2686:19; 2692:5–10; 2705:3–4; 2705:20–21; 2729:4–7; 2737:10–23; 2740:3–6; 2742:18–24; 2744:6–12; 2745:6–9;2745:15–24; 2773:11–12; 2787:16–21 (argument that discloses privileged communications, protected work product, and Petitioner's deposition)

Petitioner contends that notes and materials from the expert witnesses who testified on his behalf at his trial on which they relied in forming their opinions constitute protected work product. However, while "[o]rdinarily, a party may not . . . discover facts known or opinions held by an expert who has been retained . . . to prepare for trial and who is not expected to be called as a witness at trial," Fed. R. Civ. P. 26(b)(4)(B), a party is entitled to discover the bases for the opinions posited by expert witnesses who do testify at trial. *Cf.* Fed. R. Civ. P. 26(a)(2)(B) & 26(b)(4)(A). Thus, the moment that Petitioner's expert witnesses relied on the documents at issue *at Petitioner's trial*, they ceased to be protected work product. Since the documents were not protected work product during Petitioner's trial, they are not protected work product now.[2] Insofar as Petitioner moves to seal these documents, his motion is denied.

---

[2]It appears that state law may preclude the use of some or all of these documents at Petitioner's retrial. If so, the state court may so order.

4

1    Petitioner appropriately does not argue that the remainder of the documents he would like

2 sealed are Protected Information.  Rather, he contends that they should be sealed nonetheless.

3 The Court previously has considered and rejected the arguments to broaden the Modified PO and

4 subject additional types of documents to being sealed.  There is no basis to reconsider those

5 arguments here.  Accordingly, insofar as Petitioner moves to seal these documents, his motion

6 also is denied.

7    IT IS SO ORDERED.

8

9 DATED: 3/19/09                    _____

10                                   RONALD M. WHYTE
                                    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5